[Cite as *Moore Law Firm v. Singh*, 2017-Ohio-54.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| THE MOORE LAW FIRM, | : | CASE NO. CA2016-01-016 |
| Plaintiff-Appellee, | : | |
| | : | O P I N I O N |
| - vs - | : | 1/9/2017 |
| | : | |
| MANJINDER SINGH, | : | |
| Defendant-Appellant. | : | |

CIVIL APPEAL FROM BUTLER COUNTY AREA III COURT
Case No. CVF1201015

Rodger W. Moore, P.O. Box 176007, Ft. Mitchell, Kentucky 41017, pro se

Manjinder Singh, 7723 Tylers Place Boulevard, #156, West Chester, Ohio 45069, defendant-appellant, pro se

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Manjinder Singh, appeals from the judgment rendered against him in the Butler County Area III Court in favor of plaintiff-appellee, The Moore Law Firm, LLC, following a jury trial. For the reasons outlined below, we affirm.

{¶ 2} On August 6, 2012, the law firm of Gatherwright, Freeman & Associates, P.S.C. ("GFA") filed suit against Singh alleging he had breached a contract for legal services by refusing to pay for the services it had rendered to him. The complaint indicates that Roger

Moore had been employed as an associate attorney with GFA to work on Singh's case. However, after the complaint was filed, the record indicates that Moore ceased his relationship with GFA and that GFA assigned the debt it was owed for legal fees incurred in the Singh case to Moore. Moore subsequently incorporated his law practice, thus establishing The Moore Law Firm, LLC ("MLF"), to which Moore then assigned the debt he was owed by Singh.

{¶ 3} On July 10, 2013, a magistrate permitted the complaint to be amended to substitute MLF as plaintiff for GFA. As part of this decision, the magistrate also determined that Singh's answer to the complaint did not allege any counterclaims against any of the parties. Singh did not file any objections to the magistrate's decision. The trial court subsequently affirmed and adopted the magistrate's decision in its entirety on September 4, 2013.

{¶ 4} After a number of delays, including Singh's attempt to remove the case to the United States District Court for the Southern District of Ohio, the matter was tried to a jury on March 5 and 6, 2015. At the consent of both parties, the trial was presided over by a magistrate. On the first day of trial, after Singh arrived several hours late, Singh filed a motion to change venue, motion for continuance, and motion to amend his answer and present counterclaims. The magistrate denied each of these motions as untimely. The jury then rendered a verdict in favor of MLF in the amount of $5,800 plus court costs and interest.

{¶ 5} On March 26, 2015, Singh filed a motion requesting the trial court set aside the jury's verdict and the magistrate's decision confirming that verdict. As part of this motion, Singh raised three "assignments of error" alleging: (1) that the assignment from GFA to Moore was invalid and therefore neither Moore nor MLF have standing to bring this action; (2) that Moore never represented GFA and is therefore not a real party in interest; and (3) that the trial court lacked subject matter jurisdiction and should have permitted a change of

venue because Singh had filed several counterclaims that required judgment in his favor in excess of $150,000. The trial court denied each of Singh's claims in a written decision issued on December 15, 2015. As part of this decision, the trial court determined that it had jurisdiction to preside over the litigation and that the jury had made the necessary factual determinations, as the trier of fact, to render judgment in favor of MLF.

{¶ 6} Singh now appeals from the trial court's decision, raising three assignments of error for review.

{¶ 7} Assignment of Error No. 1:

{¶ 8} THE TRIAL COURT ERRED WHEN IT LACKED SUBJECT MATTER JURISDICTION.

{¶ 9} In his first assignment of error, Singh argues the trial court lacked subject matter jurisdiction over the matter because the case was not prosecuted by GFA, the supposed real party in interest. However, just as the trial court found, although this case was originally brought by GFA, the record is clear that MLF was assigned the debt that was the subject of this litigation by Moore, who himself had previously been assigned the debt by GFA. Whether these assignments were valid and supported by sufficient evidence was one of the many issues tried to the jury. The jury clearly resolved the issue of standing in favor of MLF, the final assignee of the debt from Moore and GFA. Nothing about this divests the trial court with subject matter jurisdiction to preside over this litigation. Therefore, finding no error in the trial court's decision, Singh's first assignment of error lacks merit and is overruled.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE TRIAL COURT ERRED WHEN IT FAILED TO ALLOW THE APPELLANTS COUNTERCLAIMS, AND FAILED TO CHANGE VENUE.

{¶ 12} In his second assignment of error, Singh argues the trial court erred by not allowing him to present his various counterclaims. Singh also argues the trial court erred by

denying his motion for a change of venue due to those counterclaims, which he claims entitled him to a judgment in his favor in excess of $150,000. However, as the magistrate properly determined early in this case, Singh never alleged any counterclaims neither as part of his original answer nor in any other responsive pleading thereafter. Singh never objected to this decision. Moreover, just as the magistrate found, any attempt by Singh to raise counterclaims through a motion filed on the day of trial was clearly untimely. The magistrate's decision finding the same was subsequently affirmed and adopted by the trial court. We find no error in the trial court's decision. Therefore, again finding no error in the trial court's decision, Singh's second assignment of error also lacks merit and is overruled.

{¶ 13} Assignment of Error No. 3:

{¶ 14} THE TRIAL COURT ERRED WHEN IT ALLOWED ATTORNEY RODGER MOORE TO MAKE PREJUDICIAL STATEMENTS TO THE JURY THAT HARMS THE APPELLANT.

{¶ 15} In his third assignment of error, Singh claims the trial court erred by permitting Moore to testify that the contract for legal services with GFA was signed by Singh, as opposed to Singh's mother. According to Singh, Moore was untruthful and should not have been permitted to mislead the jury with this testimony. However, as the trier of fact, it was for the jury to determine the credibility of the testimony and evidence presented from each witness, including that of both Moore and Singh. The jury clearly found Moore's testimony and evidence that Singh signed the contract for legal services with GFA to be credible. Therefore, finding no error in the trial court's decision, Singh's third assignment of error likewise lacks merits and is overruled.

{¶ 16} Judgment affirmed.

PIPER, P.J., and RINGLAND, J., concur.